The Chief Justice
delivered the opinion of the court.
This was an action on the case. Two counts were laid in the declaration. The first, after alledging that Merit Rowzee, the son of the defendant, was residing with the plaintiff as an apprentice in virtue of a deed of indenture between the defendant and the said Merit of the one part, and the plaintiff of the other, whereby the said Merit was bound to serve the plaintiff until he arrived at the age of 21, and the plaintiff was bound to instruct the said Merit in the art and mistery of tanning and currying, charges the defendant with enticing, persuading ana procuring said Merit, during his apprenticeship, to depart and absent himself from the service of the plaintiff.
The second count, after stating the apprenticeship as in the first, charges that Merit Rowzee, without the leave or consent of the plaintiff, departed from his service and went to the defendant, who refused to deliver him to the plaintiff'' when requested, but kept and detained him from the service of the plaintiff.
On a demurrer to the declaration, the circuit court gave judgment for the defendant, and the plaintiff has brought the case to this court by writ of error.
The only question is, whether the action ought not to have been covenant instead of case?
There can be no doubt that the cause of action, as stated in each count, amounts to a breach of the covenant contained in the deed of indenture, and that the plaintiff might have had an action of covenant against the defendant upon the deed. It does not, however, necessarily follow that he cannot maintain an action on the ease. It is indeed generally true, that where a party may have an action of covenant, an action upon the case will not lie. But there are *296 eases which have been held to be exceptions to this general rule. Thus it was decided that an action upon the case in the nature of waste, as well as an action of covenant would lie against tenant for years after the expiration of his term. 2 Blac. Rep. 1111; Bac. Afar. tit. “action on the case,” let I. So it has been held by this court that an action on the case would lie against the sheriff for a breach of his duty, notwithstanding he was liable to the injured party oft an action on his official bond.
The trae distinction is, that where thp covfiniint creates theii-ability, the action canon tained o*n the covenant; but wherethelaw ability5 hide-pendent of the covenant, áte may L be soughtit the covenant,
Pope for appellant, Bibb for appellee.
The true distinction seems to be between those cases where the covenant creates the liability, and those in which there is a legal liability independent of the covenant. In o v i the former, no action Can be maintained but upon the deed, but in the latter, the remedy may be sought either upon the deed or by the appropriate action for the wrong. Thus, for example, if a man covenants to convey land, and fails to do so, he will be liable only upon his contract; but if he covenants not to beat or slander another, and should do so, he ivou^d be liable, notwithstanding the covenant, to an action of assault and battery, or of slander. So in the present case, as the defendant would have been liable had he been I)arbv f° the indenture of apprenticeship, for enticing away or detaining the plaintiff’s apprentice from his service, follows that he is responsible in the same manner, notwithstanding he is a party to the indenture, and might have been liable to an action on the indenture.
Judgment reversed with costs, and cause remanded for proceedings to be had not inconsistent with this opinion.